**Walter STAIMAN, By and Through his Guardian Ad Litem Mildred WEISEL, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.**

**No. CV 87–1057 RSWL (Gx).**

United States District Court, C.D. California.

July 6, 1987.

Neil S. Steiner, Kagel and Steiner, Beverly Hills, Cal., for plaintiff.

Peter Brown Dolan, Maren E. Nelson, Overton, Lyman and Prince, Los Angeles, Cal., for defendant.

## MEMORANDUM OF DECISION AND ORDER

LEW, District Judge.

Defendant's Motion to Compel Arbitration and to Stay Proceedings came on for hearing on June 29, 1987, and was submitted for decision. After consideration of the memoranda of points and authorities and the oral argument of counsel, the court is of the opinion that the entire action must be submitted to arbitration and that all proceedings in this court should be stayed until the arbitration is concluded.

## BACKGROUND

This action was brought on behalf of Walter Staiman, a 91 year old man in poor health. The complaint alleges that Merrill Lynch, as Staiman's stockbroker, improperly liquidated Staiman's portfolio of high grade common stock while engaging in highly speculative transactions as well as churning. Staiman alleges causes of action for violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), 15 U.S.C. §§ 78j(b), 78t(a), and Rule 10b–5, 17 C.F.R. § 240.10b–5 (1986), violations of sections 12(2) and 17(a) of the Securities Act of 1933 ("1933 Act"), 15 U.S. C. §§ 77*l* (2), 77q(a), violations of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962, and pendent claims for fraud, breach of fiduciary duty, negligent misrepresentation, and violations of the California Corporations Code § 25000 *et seq.*

Staiman seeks $800,000 in consequential damages to recover his alleged losses, plus punitive damages of $1,000,000 and treble damages for the RICO claim. Jurisdiction is predicated on the existence of a federal question, 28 U.S.C. § 1331, the specific jurisdictional provisions of the federal acts, 15 U.S.C. § 77v (1933 Act), 15 U.S.C. § 78aa (1934 Act), 18 U.S.C. § 1964(c) (RICO), and principles of pendent jurisdiction.

Defendant Merrill Lynch now brings this motion seeking arbitration of the claims and a stay of proceedings pursuant to the Arbitration Act, 9 U.S.C. §§ 3, 4, which mandates arbitration when the parties have so agreed. Staiman had signed four standard customer agreements supplied by Merrill Lynch that contain provisions for arbitration of any controversy between the parties. Staiman does not assert that he signed the agreements involuntarily and concedes that the 1934 Act claims, RICO claim, and pendent claims must be arbitrated. The only contested issue is whether Staiman's 1933 Act claims must also be arbitrated.

## DISCUSSION

Merrill Lynch first contends, in late-filed Reply papers, that Staiman has not and cannot state valid claims under either section 12(2) or section 17(a) of the 1933 Act. A motion under Rule 12(b)(6) of the Federal Rules is not presently before the court, nor is it clear that Staiman could not cure any alleged defect in his 1933 Act claims if allowed to replead. In light of the holding below, it is not necessary to decide at this time whether Staiman can successfully sustain his 1933 Act claims.

Merrill Lynch next contends that the United States Supreme Court's recent decision in *Shearson/American Express v. McMahon*, — U.S. —, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), casts serious doubts upon the continued viability of the Court's prior holding that the right to a judicial forum for disputes under the 1933 Act could not be waived by a predispute arbitration agreement. This issue appears to be one of first impression.

In *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that because of the antiwaiver provisions in Section 14 of the 1933 Act, 15 U.S.C. § 77n, an agreement to arbitrate any future disputes that may arise between the parties was void, notwithstanding the conflicting provisions of the Arbitration Act. The *Wilko* Court reasoned that an arbitration agreement required a securities purchaser to waive compliance with section 22, 15 U.S.C. § 77v, which provides for enforcement of the 1933 Act in state or federal courts.

In *McMahon, supra,* the Supreme Court refused to extend the *Wilko* rule to claims under § 10(b) of the 1934 Act and under RICO. Although *McMahon* did not involve a 1933 Act claim, and the Court did not expressly overturn *Wilko,* it appears to this court that *McMahon* so seriously undermined *Wilko's* rationale that Staiman's 1933 Act claims, like his other claims, must be sent to arbitration.

First, the antiwaiver provision in the 1933 Act are nearly identical to the antiwaiver provision in the 1934 Act. *Compare* 15 U.S.C. § 77n (1933 Act) *with* 15 U.S.C. § 78cc(a) (1934 Act). Prior to *McMahon,* the Ninth Circuit as well as several other circuits had relied on this similarity to hold that arbitration of 1934 Act claims should be barred. See *Conover v. Dean Witter Reynolds, Inc.,* 794 F.2d 520, 523 (9th Cir.1986) and cases cited therein. Now that the *McMahon* Court has held that parties agreeing to arbitration do not waive a substantive provision of the 1934 Act when they forego the right to a judicial forum, 55 U.S.L.W. at 4759, the nearly identical antiwaiver provision in the 1933 Act should be similarly construed.

Second, the *McMahon* Court severely restricted the holding of *Wilko* as "barring waiver of a judicial forum only where arbitration is inadequate to protect the substantive rights at issue." 107 S.Ct. at 2339. Staiman has made no showing whatsoever that his 1933 Act claims, if indeed he can successfully maintain such claims, would be inadequately protected in arbitration. This court reads *McMahon* as requiring such a showing.

Third, the *McMahon* Court noted the expanded oversight authority exercised by the Securities and Exchange Commission over the national securities exchanges and held that it can no longer be assumed that a complainant's rights could not be vindicated through arbitration. 107 S.Ct. at 2341 ("Even if *Wilko's* assumptions regarding arbitration were valid at the time *Wilko* was decided, most certainly they do not hold true today for arbitration procedures subject to the SEC's oversight authority."). Staiman's 1933 Act claims will be arbitrated pursuant to procedures adopted by the New York Stock Exchange, which procedures have been specifically approved by the SEC. *McMahon* held that an arbitration held pursuant to the identical NYSE procedures did not effect a waiver of the 1934 Act. *Id.,* 107 S.Ct. at 2341. A similar conclusion is compelled for claims under the 1933 Act.

CONCLUSION

The court concludes that it must compel arbitration of Staiman's 1933 Act claims, along with his 1934 Act, RICO and pendent state claims, in accordance with the agreement of the parties, the Arbitration Act, and the *McMahon* decision. The court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. 1292(b).

IT IS ORDERED that all proceedings in this court are stayed pending completion of

the arbitration; the parties are directed to submit the dispute to arbitration in accordance with the arbitration agreement and the court shall retain jurisdiction over the matter to enforce the provisions of the Arbitration Act.

IT IS FURTHER ORDERED that Staiman's request for discovery pursuant to the Federal Rules of Civil Procedure pending arbitration is denied.