Paul S. ROSENBLUM, as Trustee for Rosenblum Consultants, Inc. Money Purchase Plan and Trust; and Paul S. Rosenblum, Individually

v.

DREXEL BURNHAM LAMBERT INCORPORATED; Jerome M. Dattel, and ABC Insurance Company.

Civ. A. No. 87–1903.

United States District Court, E.D. Louisiana.

Aug. 19, 1987.

John Gregory Odom, Christopher C. Johnston, New Orleans, La., for plaintiffs.

Phillip A. Wittmann, Sarah S. Vance of Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, La., for defendants.

## ORDER

McNAMARA, District Judge.

*Facts*

Plaintiff, Paul S. Rosenblum, has filed this action, both in his individual capacity and as trustee for his pension plan, naming as Defendants, Drexel Burnham Lambert, Incorporated (Drexel), Jerome M. Dattel (Dateel), and ABC Insurance Company. The Complaint seeks damages arising out of the alleged "mishandling" and churning of Rosenblum's personal account and his pension plan account. The Plaintiff alleges that this conduct amounts to a violation of the Federal Employee Retirement Security Act (ERISA), 29 U.S.C. § 1001, *et seq.;* violation of the Securities Act of 1933 (1933 Act), 15 U.S.C. § 77*l*, and various state law claims.

Currently before the court is the Motion of Defendants, to Compel Arbitration and to Stay Proceedings Pending Arbitration. The Plaintiff opposes this Motion. This Motion, set to be heard on Wednesday, July 15, 1987, is before the court on briefs, without oral argument. A Status Conference was held on July 29, 1987 after which this Motion was taken under advisement.

Having considered the memoranda of counsel and the applicable law, the court rules as follows:

The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, provides than an agreement in writing in a contract to settle by arbitration a controversy arising out of the contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." The Act also expressly mandates that a district court shall stay the trial of any issue which the court believes is subject to a valid written arbitration agreement upon application of any party to that agreement. 9 U.S.C. § 3. Section 4 mandates that a district court shall direct the parties to proceed to arbitration in those instances where it is clear that an agreement for arbitration has been made and that there has been a failure to comply with the agreement. 9 U.S.C. § 4.

The Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed". *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

Furthermore, if there is any doubt concerning the scope of arbitrable issues, this "doubt" should be resolved in favor of arbitration, thus reflecting the liberal "federal policy favoring arbitration" agreements. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983).

Thus, if there exists an enforceable agreement to arbitrate, the Plaintiff and Defendant in this action, as parties to the contractual agreement, must be compelled to arbitration. In determining whether or not there exists an enforceable agreement to arbitrate, this court may decide only questions relating to the validity of an arbitration clause *per se* in a contract. The court may not decide issues relating to the enforceability of the entire contract. *See, Prima Paint Corp. v. Flood and Conklin Manufacturing*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Bhatia v. Johnson*, 818 F.2d 418 (5th Cir.1987).

The issues raised within this Complaint arise out of the contractual relationships and transactions between Rosenblum and the Defendants. Although Rosenblum is a party to various agreements with Drexel, he contractually agreed to arbitrate disputes with the opening of his first ac-

count in 1982. In the process of opening his first account, the Plaintiff Rosenblum executed a Customer Agreement dated September 10, 1982 (1982 Customer Agreement), which contained an arbitration clause providing for arbitration of disputes between the parties. The 1982 Customer Agreement provides:

> *16th:* Any controversy between you and the undersigned arising out of said account or relating to this contract or the breach thereof, shall be settled by arbitration. . . .

The 1982 Customer Agreement in paragraph 17 further provided that "it shall cover individually and collectively all accounts which the undersigned may open or reopen with you"; and it "shall be binding upon the undersigned and or the estate, executors, administrators and assigns of the undersigned."

This court finds that the 1982 Customer Agreement established the broker customer relationship between the Plaintiff and Defendant; thus, the subsequent opening of later accounts, such as the Plaintiff's special account and pension plan account, relate back to the original 1982 Customer Agreement. Therefore, the court finds that disputes arising from any of these accounts, regardless of whether the dispute arose from the Plaintiff's pension account, special account, or original individual account, are arbitrable under the 1982 Customer Agreement.

Having determined the validity of the arbitration clause contained within the 1982 Customer Agreement, the sole remaining issue becomes one of which of the various claims asserted in the Complaint are subject to arbitration.

### State Law Claims

■ The Plaintiff alleges in his Complaint various state law claims for violation of the Louisiana Securities Law, La.Rev. Stat. 51:701, *et seq.*, breach of fiduciary duty and negligence. These state law claims must be referred to arbitration. *Dean Witter Reynolds, supra.*

### ERISA Claim

■ The Plaintiff alleges that the Defendants' conduct amounts to a violation of the Federal Employee Retirement Security Act (ERISA), 29 U.S.C. § 1001, *et seq.* By agreeing to arbitrate a statutory claim, the Plaintiff would not forego any substantive rights afforded by the above statute, but simply would submit to their resolution in an arbitral, rather than a judicial, forum. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

Furthermore, the express intent of ERISA is not to prevent the application of the arbitration act to the dispute in issue. ERISA clearly manifests an intention not to impede the operation of other federal statutes in § 1144(d) of the Act which provides:

> Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any such law.

In order to defeat the application of the Arbitration Act, the Plaintiff must "demonstrate that Congress intended to make an exception to the arbitration act" for the statutory claim in issue, which intention must be "discernable from the text, history, or purpose of the statute." *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).

The court finds that nothing in ERISA shows an intent on the part of Congress to preclude a waiver of judicial remedies. *See, Mayaja, Inc. v. Bodkin,* 803 F.2d 157 (5th Cir.1986). Accordingly, Plaintiff Rosenblum's ERISA claim is arbitrable.

### Securities Act of 1933 Claim

■ In determining whether or not the Plaintiff's 1933 Act claim is subject to arbitration, this court has in the past been guided by the Supreme Court decision of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), holding claims under the 1933 Act non-arbitral.

In *Wilko,* the court held that a pre-dispute agreement could not be enforced to compel arbitration of a claim arising under § 12(2) of the Securities Act of 1933. The basis for the ruling was the anti-waiver

provision of the 1933 Act. (See 15 U.S.C. § 77n).

The Supreme Court in *Shearson American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), concluded that Wilko was expressly based on the court's belief that a Plaintiff's 1933 Act claim would be inadequately protected in arbitration, thus necessitating a judicial forum in order to protect the substantive rights created by the Securities Act. *Id.,* 107 S.Ct. at 2338. The McMahon court went on to hold that this "case must be read as barring waiver of a judicial forum *only* where arbitration is inadequate to protect the substantive rights at issue." *McMahon, supra,* at 2334, (emphasis added), citing, *Sherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974).

This court finds that the substantive rights at issue within the Plaintiff's 1933 Act claims are adequately protected by arbitration. Accordingly, Plaintiff's claims under the Securities Act of 1933 are arbitrable. *McMahon, supra,* 107 S.Ct. at 2334; *see also, Staiman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 673 F.Supp. 1009 (C.D. of Ca. 1987).

*Conclusion*

This court must compel arbitration of the Plaintiff's Securities Act of 1933 claims, along with his ERISA and pendant state claims, in accordance with the written agreement of the parties, the Arbitration Act, and the *McMahon* decision. Furthermore, all proceedings in this court are STAYED pending completion of arbitration.

The court will, however, entertain a motion to lift the stay, upon a showing that the Defendants are in default in proceeding with arbitration.

Accordingly, the Defendant's Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration should be and it is GRANTED.

It is so ordered.