Karin SMITH, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and Daniel K. Moore, Defendants.

No. 85–0379–Civ.

United States District Court, S.D. Florida.

Nov. 13, 1987.

Forkey & Falco, P.A. by James F. Falco, Deerfield Beach, Fla., for plaintiff.

Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A. by Keith Olin, Miami, Fla., for defendants.

## ORDER ON PENDING MOTIONS

HOEVELER, District Judge.

THIS CAUSE is before the court on defendants' motion to dismiss Count I of the complaint, or in the alternative to compel arbitration of that count. For reasons set forth herein, the motions are denied.

### BACKGROUND

This is a suit by a customer of a national securities firm, alleging, inter alia, violations of Securities Act of 1933 ("33 Act") § 12(2), violations of the Securities Exchange Act of 1934 ("34 Act") § 10(b), and breach of fiduciary duty. Included in the customer agreement between the parties was an arbitration clause, which the court has ruled was valid. The court also compelled arbitration of plaintiff's 34 Act claims and her breach of fiduciary duty claims, pursuant to *Shearson/American Express v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), and *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Defendant now moves to dismiss the § 12(2) count for failure to state a claim for which relief can be granted, or in the alternative, compel arbitration of the § 12(2) claim.

### DISCUSSION

Defendant urges two reasons for dismissing the § 12(2) count. The first is that, under the precise terms of the statute, only a seller of securities may be liable, and defendant in this case was not a seller but an advisor. The second reason is that plaintiff failed to bring this action within the 33 Act's one-year statute of limitations.

A court may not grant a motion to dismiss a complaint unless it appears beyond doubt that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The material allegations of the complaint are taken as true, and are

**1094**

liberally construed in plaintiff's favor. *See, e.g., St. Joseph's Hosp. v. Hospital Corp. of America,* 795 F.2d 948, 954 (11th Cir.1986).

*The "Seller" Requirement*

The 33 Act, § 12(2), provides:

Any person who—

(2) offers or sells a security ... by the use of any means or instruments of transportation or communication in interstate commerce or of the mails, by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission), and who shall not sustain the burden of proof that he did not know, or in the exercise of reasonable care could not have known, of such untruth or omission, shall be liable to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, upon the tender of such security, or for damages if he no longer owns the security.

The question before the court is what is a seller of securities for purposes of this Act.

■ Some cases have held that the Act requires that only the immediate seller who is in privity with the plaintiff can be liable. *E.g., Collins v. Signetics Corp.,* 605 F.2d 110, 113 (3d Cir.1979). The Fifth Circuit, however, has rejected the strict privity approach, and has adopted a proximate cause test. *Croy v. Campbell,* 624 F.2d 709 (5th Cir.1980); *Hill York Corp. v. American Int'l Franchises, Inc.,* 448 F.2d 680 (5th Cir.1971). These decisions are binding on this court, absent a change by the Eleventh Circuit. Thus, the question turns on whether the allegations in plaintiff's complaint support a conclusion that defendant proximately caused plaintiff to purchase the securities in question.

■ The complaint alleges, inter alia, that defendant called the plaintiff on January 13, 1984, and solicited plaintiff's order to purchase a package of stocks, and further induced her to purchase those stocks through representations regarding their desirability. Complaint, ¶ 17 (Feb. 18, 1987). The Complaint further alleges that defendant owned shares in some of the corporations whose securities were part of the package, and that defendant owned those securities "for the purpose of making a profit through sale of such stocks to clients such as plaintiff." Complaint ¶ 19. The defendant was, according to this allegation, more than a "passive advisor", and was rather an "active negotiator". *Junker v. Crory,* 650 F.2d 1349 (5th Cir.1981). Further, there is nothing in the Fifth Circuit precedents to suggest that a national securities broker, unlike a private securities advisor, cannot be liable under the proximate cause standard. *See Crory; Hill York; Junker.* The court therefore holds that plaintiff's allegations are sufficient to uphold a cause of action under § 12(2).

*Statute of Limitations*

■ The 33 Act, § 13, provides:

No action shall be maintained to enforce any liability created under ... section 12(2) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been make by the exercise of reasonable diligence....

Plaintiff purchased the securities on January 13, 1984. Later that month, she expressed concern over the performance of the securities. Finally, on February 10, 1984, she had a meeting at Merrill Lynch at which time she discussed the performance of the securities.

This complaint was filed on February 8, 1985. The court holds that the statute of limitations did not begin to run until on or after February 10, 1984, at which point plaintiff had a personal meeting with an investment advisor. There is nothing in the complaint to allow us to conclude that by due diligence she could have learned of the alleged misrepresentation or omission before that date. The court does not need to determine the exact date at which time

the statute began to run since plaintiff filed her complaint on February 8, 1985, less than one year following the meeting at Merrill Lynch. Her filing on that date was within the period limitations.

MOTION TO COMPEL ARBITRATION

 There has been a significant lessening of judicial hostility to arbitration since the time of the Supreme Court's ruling in *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). *Wilko* disallowed compelling arbitration of 33 Act § 12(2) pursuant to pre-dispute arbitration clauses. *Wilko v. Swan.* The Court in *McMahon* refused to overrule *Wilko* for reasons of stare decisis. Thus, while the reasoning behind *Wilko* has been cut away, its bare holding remains in force. Accordingly, this court is bound to follow the *Wilko* holding and refrain from compelling arbitration of plaintiff's 34 Act claim.

For the foregoing reasons, it is

ORDERED AND ADJUDGED that defendants' motion to dismiss Count I or in the alternative to compel arbitration is DENIED. Defendant shall have 20 days from entry of this order within which time to answer Count I of plaintiff's complaint.

DONE AND ORDERED.