**John FILLO**

v.

**James J. DILLON.**

**Civ. No. 90–087–S.**

United States District Court,
D. New Hampshire.

Oct. 19, 1990.

William L. Chapman, Concord, N.H., for plaintiff.

Robert D. Branch, Concord, N.H., for defendant.

## ORDER

STAHL, District Judge.

This civil action, founded on 28 U.S.C. § 1332, derives from a brokerage agreement between plaintiff John Fillo and Dean Witter Reynolds. Defendant James Dillon was the Dean Witter broker who represented Fillo. Plaintiff claims that Dillon deposited funds in highly speculative securities, that Dillon churned the account, and that Dillon failed to place money in an IRA account as requested.

Defendant Dillon now moves to stay these proceedings and compel arbitration of this dispute.

Since the United States Supreme Court reversed its previous position and declared in *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987) that claims under federal securities laws may be arbitrated, a substantial body of law has developed over the proper interpretation of arbitration clauses in security agreements. The issue generally arises from language in a security agreement which requires arbitration of all disputes except those arising under federal securities law. Courts have had to decide whether to order arbitration of the federal securities' law disputes since the language excepting such disputes from arbitration was included only to allow conformance with a rule of law that has been overturned. *Compare Ballay v. Legg Mason Wood Walker, Inc.*, 878 F.2d 729, 733–34 (3d Cir.1989) (arbitration language construed as substantive element of contract) with *Sease v. PaineWebber, Inc.*, 697 F.Supp. 1190, 1193 (S.D.Fla.1988) (arbitration language serves only as notice of existing federal law; limiting language of the clause has no effect).

The plaintiff attempts to persuade this Court that the arbitration provision contained in his agreement with Dean Witter falls within this body of law. The Court is not persuaded. This is not a case in which the Court must determine whether to disregard the plain language of a contract which limits the scope of arbitration. The agreement at issue here contains no limiting language. It states,

> Any controversy between you and me arising out of or relating to this Agreement, or any breach of this Agreement, shall be settled by arbitration in accordance with the rules of the Board of Arbitration of the New York Stock Exchange, the American Arbitration Association or any other industry association. Judgment upon the award rendered may be entered in any court, state or federal, having jurisdiction.

Active Assets Account, Part IV, Arbitration of Controversies (attached to Defendant's Motion to Stay and Compel Arbitration).

Plaintiff's theory is that the clause quoted above was unenforceable at the time it was executed because it did not contain language limiting arbitration as the law then required. In plaintiff's view, an unenforceable clause cannot be made enforceable by a subsequent change in law. Whatever the merit of plaintiff's argument as a general proposition, under the circumstances of this case, the Court finds it unpersuasive. It seems clear that at the time the agreement was executed, both parties agreed that all disputes would be arbitrated. That clause may have been unenforceable, at least in part, at the time it was made, but no dispute arose at that time. It seems undisputable that the parties' original intent, as manifested in the arbitration clause, is now fully enforceable.

Accordingly, defendant James Dillon's motion to stay these proceedings and com-

pel arbitration (document no. 14) is granted. The parties are directed to notify the Court of the status of arbitration every 90 days commencing with the first report due on January 2, 1991.

SO ORDERED.