425 So.2d 129 (1982)
MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., and Lucille Weist, Petitioners,
v.
James F. FALOWSKI, As Trustee under the Last Will and Testament of John J. Falowski, Respondent.
No. 82-1296.
District Court of Appeal of Florida, Fourth District.
December 29, 1982.
*130 O'Bannon M. Cook and Gill S. Freeman of Walton Lantaff Schroeder & Carson, Miami, for petitioners.
William C. Davell of Rogers, Morris & Ziegler, Fort Lauderdale, for respondent.
HURLEY, Judge.
This case comes before us upon a petition for a writ of common law certiorari. Petitioners request that this court quash an order by the trial court denying their application to compel arbitration. We find our recent decisions in Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981) ("Melamed I"), remanded for further proceedings, 425 So.2d 127 (Fla. 4th DCA 1982) ("Melamed II"), to be controlling but for reasons stated herein we decline to grant the writ of certiorari.
Melamed sets forth the procedure for applying Section 682.03(1), Florida Statutes (1981), to determine whether a controversy should be arbitrated or litigated. If the parties have clearly entered into an agreement to arbitrate, then the trial court must compel arbitration. If, however, the making of the arbitration agreement is disputed, then the trial court should undertake an evidentiary hearing to resolve "issues regarding the making of the agreement or the failure, neglect or refusal to perform the same." Melamed II.
Recognizing the mandate of Melamed I, the trial court properly undertook a hearing which yielded a factual determination set forth in the order denying arbitration. The defect in this hearing is that it primarily addressed questions of law, i.e., the hearing was not in essence evidentiary. The order notes that it is based upon legal argument by the parties, memoranda of law, and cases cited therein. The trial court's review yielded conclusions which, while well reasoned, nevertheless inadequately considered the specific facts in dispute. To conform to the dictates of Melamed II, a factual determination in this case must resolve with specificity the parties' varying renditions of the transactions in question. For example: Whether James Falowski opened account number XXX-XXXXX (for which an agreement to arbitrate was made) on his own behalf, as a trustee, or on behalf of his father's estate? Whether the transactions and investments in question relate to the aforementioned account, to a second account which Falowski opened as the personal representative of his father's estate (for which there was apparently no agreement to arbitrate) or to both accounts? Whether Falowski's allegations of fraud are based upon events not specifically related to the opening of the accounts, or, alternatively, whether the complaint should be construed to allege fraud in the inducement, as Merrill Lynch suggests?
Despite the fact that an evidentiary hearing to resolve the facts in dispute was not held we decline to issue the writ requested because there is no demonstration that either party sought and was denied the opportunity to present evidence. In the event that a further request for an evidentiary hearing is made the court should consider same in accordance with this opinion.
CERTIORARI DENIED.
LETTS, C.J., and BERANEK, J., concur.