**WEYERHAEUSER COMPANY,
Petitioner-Appellant,**

v.

**WESTERN SEAS SHIPPING CO., Eastern Seas Shipping Co., and Karlander (Australia) Pty. Ltd., Respondent-Appellee.**

No. 83–2411.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1984.

Decided June 22, 1984.

Rehearing and Rehearing En Banc Denied Aug. 16, 1984.

Certiorari Denied Nov. 26, 1984.
See 105 S.Ct. 544.

Richard H. Sommer, Kirlin, Campbell & Keating, New York City, for petitioner-appellant.

John A. Flynn, Graham & James, D. Thomas McCune, Lillick, McHose & Charles, San Francisco, Cal., for respondent-appellee.

Before WALLACE, SKOPIL, and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

Appellant Weyerhaeuser Company (Weyerhaeuser) appeals the district court's denial of its petition to compel the consolidation of two maritime arbitrations into a single arbitration before five arbitrators.

I

Appellee Trans-Pacific Shipping Co.* (Trans-Pacific) owns two ships that were time chartered by Weyerhaeuser. Weyerhaeuser subsequently subchartered the ships to appellee Karlander Australia Party Ltd. (Karlander). During the pendency of the subcharter, a dispute arose concerning cargo stowage restrictions.

Under the standard arbitration clause in the subcharter, Karlander demanded arbitration with Weyerhaeuser before a board of three commercial arbitrators over the losses it claims to have suffered as a result of Weyerhaeuser's allegedly unreasonable refusals to permit underdeck container

stowage. Subsequently, under an identical clause in the headcharter, Weyerhaeuser demanded arbitration before three arbitrators with Trans-Pacific over Weyerhaeuser's right to indemnity from Trans-Pacific for any losses that Karlander may recover in its arbitration.

Weyerhaeuser petitioned the district court to compel consolidation of the two arbitrations into a single arbitration before five arbitrators. Both Trans-Pacific and Karlander opposed the petition to compel consolidated arbitration. The district court denied the petition, 568 F.Supp. 1220 (N.D. C.Cal.1983), and Weyerhaeuser appealed. We have jurisdiction of Weyerhaeuser's appeal under 28 U.S.C. § 1291.

II

Weyerhaeuser asserts that this Court has the power to compel consolidation under the United States Arbitration Act, 9 U.S.C. §§ 1–14, and under Fed.R.Civ.P. 81(a)(3) and 42(a). The principal authority relied upon by Weyerhaeuser for this proposition is *Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A.,* 527 F.2d 966 (2d Cir.1975), *cert. denied,* 426 U.S. 936, 96 S.Ct. 2650, 49 L.Ed.2d 387 (1976).

*Compania Espanola* involved an appeal from a district court order consolidating two arbitration proceedings—one between the owner of a ship and the ship's charterer and one between the owner and the charterer's guarantor. The Second Circuit affirmed the district court order, relying on two grounds. First, the court held that all three parties had consented to consolidation. All three had signed an addendum to the original charter party to the effect that the guarantor would undertake all the charterer's duties in the event of the charterer's default. The court held that since the original charter party imposed a duty to arbitrate, the addendum amounted to implicit consent to joint arbitration in the event of a dispute. *Id.* at 973–74. Second,

---

* Trans-Pacific Shipping Co. is the successor in interest to Western Seas Shipping Co. and Eastern Seas Shipping Co.

the Second Circuit stated that "the liberal purposes of the Federal Arbitration Act clearly require that this act be interpreted so as to permit and even to encourage the consolidation of arbitration proceedings in proper cases...." *Id.* at 975 *(footnote omitted).* The court held that under Fed.R. Civ.P. 42(a), two arbitrations presenting common questions of law and fact constituted a "proper case." *Id.* at 968.

Insofar as *Compania Espanola* rests on the consent of the parties, it is distinguishable from the present case. It is clear that the parties here did not consent to joint arbitration. As Weyerhaeuser admits, there are two separate agreements between the headcharter and subcharter parties. Each agreement contains its own arbitration clause and each clause requires only arbitration between the parties to the agreement. In fact, Trans-Pacific specifically secured an addendum to its agreement with Weyerhaeuser insulating Trans-Pacific from any increase in its obligations by reason of any subcharter Weyerhaeuser might execute. Weyerhaeuser agreed to indemnify and hold "owners harmless from and against all losses, costs, risks or expenses of any nature whatsoever suffered by owners during such sublet, which would not have been otherwise incurred by owners had the vessels not been sublet to Karlander...."

■ Insofar as *Compania* holds that federal courts may order consolidation in the absence of consent, we decline to follow it. Instead, we adopt the reasoning of the district court in this case. The district court correctly held that our authority under the United States Arbitration Act is narrowly circumscribed. The Act states in pertinent part:

The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or failure to comply therewith is not in issue, the court shall make an order directing the parties *to proceed to arbitration in accordance with the terms of the arbitration agreement* .... If the making of the agreement or the failure, neglect, or

refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof .... If the [factfinder] find[s] that no agreement in writing for arbitration was made or there is no default in proceeding thereunder, the proceeding shall be dismissed. If the [factfinder] find[s] that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties *to proceed with the arbitration in accordance with the terms thereof.*

9 U.S.C. § 4 (emphasis added). Thus, we can only determine whether a written arbitration agreement exists, and if it does, enforce it "in accordance with its terms." As the district court noted, this provision "comports with the statute's underlying premise that arbitration is a creature of contract, and that '[a]n agreement to arbitrate before a special tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.' *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519 [94 S.Ct. 2449, 2457, 41 L.Ed.2d 270] (1974)."

■ Thus, the only issue properly before this Court is whether Weyerhaeuser, Karlander, and Trans-Pacific are parties to a written agreement providing for consolidated arbitration. As already indicated, they are not. Consequently, the decision of the district court must be affirmed.

AFFIRMED.