**Paul DIXON, Plaintiff,**

v.

**APACHE TRADING CORP., Rogny Rodriguez and Alice Clancy, Defendants.**

**No. 84–6987–CIV.**

United States District Court, S.D. Florida, N.D.

Jan. 24, 1985.

Theodore Eagans, Los Angeles, Cal., for plaintiff.

Charles D. Franken, Fort Lauderdale, Fla., Ronald J. Stauber, Los Angeles, Cal., for defendants.

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendant Apache Trading Corporation's motion to stay proceedings pending arbitration. The Court has considered the motion, and being otherwise duly advised, it is

ORDERED AND ADJUDGED that the defendant's motion to stay proceedings pending arbitration be and the same is hereby GRANTED. Insofar as plaintiff's action is brought under the Commodity Exchange Act and not the federal securities laws, the Court finds no reason to apply the doctrine of intertwining and the *Wilko* doctrine, which require judgment resolution of federal securities claims before arbitration of state and common law claims may commence. Significantly absent in the Commodity Exchange Act is a congressional directive proscribing arbitration, which in fact does exist in section 14 of the Securities Act of 1933, 15 U.S.C.A. § 77n (West 1981), and section 29(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78cc(a) (West 1981). *See Brown v. Dean Witter Reynolds, Inc.*, 601 F.Supp. 641, (S.D.Fla.1985). The Court finds the Fifth Circuit's decision in *Smoky Greenhaw Cotton Co. v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 720 F.2d 1446 (5th Cir.1983), to be persuasive on this subject, and thus directs counsel to that opinion for a more detailed account of the basis for this Court's decision.

In *Smoky Greenhaw*, plaintiff's complaint purported to state a claim under the Commodity Exchange Act *and* the Securities Exchange Act of 1934. The court of appeals ruled that the parties could not first arbitrate the issues because of plaintiff's federal securities claim. The court concluded, however, that where, as here, a

complaint only states a claim under the Commodity Exchange Act, then the issues are proper subjects for arbitration.

Accordingly, the defendant's motion to stay proceedings pending arbitration is granted. The Court shall retain jurisdiction over this action to enforce the arbitration award if necessary. The parties are reminded to notify the Court upon the completion of the arbitration proceeding as to the result reached.