494 So.2d 227 (1986)
HIGLEY SOUTH, INC., a Florida Corporation, and Reliance Construction Company, a Florida Corporation, D/B/a Higley-Reliance, a Joint Venture, and the Federal Insurance Company, a New Jersey Corporation, Appellants,
v.
PARK SHORE DEVELOPMENT COMPANY, INC., a Florida Corporation, Spectrum Contracting Company, a Florida Corporation, Randy's Electric, Inc., a Florida Corporation, and Quality Engineered Installation, a Florida Corporation, Appellees.
No. 85-2645.
District Court of Appeal of Florida, Second District.
August 1, 1986.
Rehearing Denied September 11, 1986.
*228 Frank E. Riggs, Jr., and Michael A. Hornreich, of Smith, Currie & Hancock, Atlanta, Ga., and John A. Curtiss, of MacFarlane, Ferguson, Allison & Kelley, Tampa, and Stanley E. Marable, Sarasota, for appellants.
Steven J. Chase and William R. Pomeroy, of Abel, Band, Brown, Russell & Collier, Chartered, Sarasota, for appellee Park Shore Development Co.
Peter R. Spanos, of Hendrick, Spanos & Phillips, Atlanta, Ga., and William A. Dooley, of Thorp, Reed & Armstrong, Sarasota, for appellee Spectrum Contracting Co.
Raymond C. Conklin, of Stolba, Englander, Conklin, Brainard, Disano & Verona, P.A., St. Petersbrug, for appellees Randy's Elec. and Quality Engineered Installation.
FRANK, Judge.
The instant appeal originated in a declaratory judgment action initiated to procure an order directing that contemporaneously pending commercial arbitration proceedings be consolidated. The trial court, without explicating the reasons for its determination, dismissed the complaint with prejudice. We reverse the trial court upon the narrow ground discussed below.
The facts and events essential to our disposition of this matter are extracted from the complaint and the exhibits appended to it. The appellants Higley South, Inc., and Reliance Construction Company (Higley-Reliance), formed a joint venture and accepted the role of general contractor to construct a multi-million dollar building for the appellee Park Shore Development Company, Inc. (Park Shore), in Longboat Key, Sarasota County, Florida. The contract entered into by Higley-Reliance and Park Shore is a standard form document adopted by The American Institute of Architects (AIA). The AIA contract, commonly used in the construction industry, provides, in pertinent part, that all claims and disputes, with an exception we deem immaterial to our disposition of this matter, arising between Higley-Reliance and Park Shore are to be submitted to arbitral resolution pursuant to rules promulgated by the American Arbitration Association. In another of its provisions, the AIA contract provides that:
No arbitration shall include by consolidation, joinder or in any other manner, parties other than the Owner, Contractor and any other party substantially involved in the common question of fact or law, whose presence is required if complete relief is to be accorded in the arbitration.
The appellant, Federal Insurance Company (Federal), and Higley-Reliance executed a 100% payment and performance bond indemnifying Park Shore.
In the performance of its undertaking, Higley-Reliance subcontracted a substantial amount of the construction work to the appellees Spectrum Contracting Company (Spectrum), Randy's Electric, Inc. (Randy's), and Quality Engineered Installation (Quality). The subcontracts entered into with Spectrum, Randy's and Quality incorporated the arbitration provisions contained in the AIA contract between Park Shore and Higley-Reliance.
At some point during the construction of the building, Park Shore disputed the quality of Higley-Reliance's performance, terminated the contract and filed a demand for arbitration with the American Arbitration Association. In turn, Higley-Reliance withheld *229 payments to Spectrum, Randy's and Quality with the result that Spectrum sought to arbitrate its conflict with Higley-Reliance and Federal. Randy's and Quality, however, commenced actions in the Pinellas County Circuit Court. Orders were ultimately entered in those proceedings requiring Randy's and Quality to submit their disputes with Higley-Reliance and Federal to arbitration; Randy's and Quality followed that course.
In its complaint seeking declaratory relief, Higley-Reliance and Federal alleged that Park Shore's dispute is inextricably intertwined with the claims asserted by Spectrum, Randy's and Quality and hence consolidation in a single arbitration proceeding is warranted. Motions to dismiss were filed by Park Shore, Spectrum, Randy's and Quality, based upon the contentions that the trial court lacked subject matter jurisdiction, that declaratory relief was inappropriate, that consolidation would create an unwieldy arbitration proceeding, and that the agreements would not permit consolidation.
We have scrutinized the complaint and the motions attacking it and have concluded that the trial court erroneously dismissed the complaint. We have uncovered nothing that would divest the court of jurisdiction over the subject matter of this dispute. The allegations of the complaint are sufficient to maintain a declaratory judgment action, see May v. Holley, 59 So.2d 636 (Fla. 1952); Guernsey v. Haley, 107 So.2d 184 (Fla. 2d DCA 1958); and equitable relief may appropriately be conferred in that kind of proceeding. Standard Newspapers, Inc. v. Woods, 110 So.2d 397 (Fla. 1959).
We certainly shall not assume that the alleged complexity of a consolidated arbitration proceeding provided the basis for dismissal of the complaint. Finally, for the reasons stated below, we have concluded that the parties' agreements do permit consolidation of the arbitration matters. By dismissing the complaint prior to the filing of answers and the presentation of evidence by all parties in a full proceeding from which a balancing of the relative equities associated with compelling consolidation could be achieved, the litigation was prematurely terminated in the trial court.
The authority of a trial court to consolidate arbitration proceedings must be found in at least one of three sources, i.e. a statute, judicial policy or contract. At the outset we can eliminate the Florida Arbitration Code, Chapter 682 (1985), as a predicate for the consolidation of arbitration proceedings; it contains no provision empowering a trial court to consolidate pending arbitration cases. Turning next to judicial policy, we are unable to find any precedent emanating from a Florida court upon which to direct compulsory consolidation. To the extent that the federal courts have dealt with the question, they appear to be in a dynamic state of conflict. For example, in Weyerhaeuser v. Western Seas Shipping Co., 743 F.2d 635 (9th Cir.1984), the Ninth Circuit rejected the Second Circuit's view in Compania Espanola de Petroleos, S.A. v. Nereus Shipping, S.A., 527 F.2d 966 (2d Cir.1975), that the consolidation of arbitration proceedings can be judicially directed in the circumstance where common questions of law and fact exist. To accomplish that result, the Second Circuit relied upon Rules 42 and 81 of the Federal Rules of Civil Procedure. Rule 1.270 of the Florida Rules of Civil Procedure is a mirror image of federal Rule 42, but that parallelism alone will not sustain our adoption of the result in Nereus; our procedural rules do not contain an analogue to Federal Rule 81 which provides, in pertinent part, that "these rules apply only to the extent that matters of procedure are not provided for" in the federal Arbitration Act, 9 U.S.C. § 1, et seq. The Weyerhaeuser court deemed itself limited to the narrow prescription of the federal Arbitration Act which, like Chapter 682 in its relevant aspect, confines the boundaries of arbitration to the terms of the arbitration agreement. Weyerhaeuser, 743 F.2d at 637; see also Merrill Lynch, Pierce, Fenner & Smith v. Falowski, 425 So.2d 129 (Fla. 4th *230 DCA 1982).[1] The federal system offers nothing upon which to sustain consolidation.
It is our judgment, however, that the AIA contract will support consolidation of multiple arbitration proceedings. We are not persuaded by the construction of the AIA contract urged upon us by Park Shore, Spectrum, Randy's and Quality. We have noted above the contractual language upon which we bottom our conclusion. If, indeed, Park Shore is correct in its contention that Higley-Reliance failed or was deficient in its performance, the large volume of work and its quality undertaken by the subcontractors should be assessed in conjunction with their liability to Higley-Reliance. The responsibility of Higley-Reliance/Federal to Park Shore does not exist in isolation from the subcontractors' obligations. A full record in this case may reveal that Spectrum, Randy's and Quality are "substantially involved" in common questions of fact or law and if complete relief is to be accorded in the arbitration of the several claims, equitable concerns suggest that they be considered in a composite proceeding. The parties should be given an opportunity before the trial court to demonstrate whether a single consideration of the several claims will be unworkable, or whether consolidation is the method least likely to result in confusion and prejudice and the most likely to avoid conflicting awards.
Accordingly, based upon the foregoing, we reverse the trial court, vacate the order dismissing the complaint and remand to the trial court for further proceedings consistent with this opinion.
SCHEB, A.C.J., and HALL, J., concur.
NOTES
[1] Based upon the instant record, we reject the Higley-Reliance contention that we may apply the federal Arbitration Act, 9 U.S.C. § 1, et seq., to the present matter. Here, unlike in Merrill Lynch, Pierce, Fenner & Smith v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984), there is nothing before us permitting the finding that interstate commerce is either affected or involved. We further reject the notion that we should find such commerce contact from the nature and magnitude of the construction undertaken by Higley-Reliance. Common knowledge or surmise cannot substitute for proof or, as in this case, a pleading alleging the presence of interstate commerce.