Leonard ARONSON, Plaintiff,

v.

DEAN WITTER REYNOLDS, INC., et al., Defendants.

No. 87–8033–Civ.

United States District Court,
S.D. Florida,
Civil Division.

Dec. 24, 1987.

Russell L. Forkey, Fort Lauderdale, Fla., for plaintiff.

Keith Olin, Ruden, Barnett, McCloskey, Schuster & Russell, Miami, Fla., for defendants.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE came on for hearing upon Defendant Philips, Appel & Walden, Inc.'s, Motion To Compel Arbitration and To Stay Proceedings. The court has considered the supporting and opposing momoranda of law and the oral argument of able counsel and being otherwise duly advised, finds as follows:

## BACKGROUND

Plaintiff, Leonard Aronson, in his complaint alleges that Philips, Appel & Walden Inc., ("Philips"), through its Account Executive, Judith A. Thomaselli, mismanaged Aronson's security accounts through the buying and selling of unsuitable securities as well as "churning". Aronson alleges causes of action for violations of sections 12(2) of the Securities Act of 1933 ("the 1933 Act"), 15 U.S.C. § 77*l*(2), 10(b) of the Securities Exchange Act of 1934 ("the 1934 Act"), 15 U.S.C. § 78j(b) and Rule 10b–5, 70 C.F.R. § 240.10b–5 (1987), violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1963, and pendant claims for fraud, breach of fiduciary duty, negligent supervision and violations of Florida Statute § 517.301 (1985).

Jurisdiction is predicated on the existence of a federal question, 28 U.S.C. § 1331, the specific jurisdictional provisions of the federal acts, 15 U.S.C. § 77v (1933 Act), 15 U.S.C. § 78aa (1934 Act), 18 U.S.C. § 1964(c) (RICO) and the principles of pendant jurisdiction.

■ Defendant Philips seeks arbitration of the claims and a stay of proceedings pursuant to Federal Arbitration Act, 9 U.S.C. § 1, *et seq*, which mandates arbitration when the parties have so agreed. The Arbitration Act . . . "leaves no place for the excercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). Thus, if there exists an enforceable Arbitration Agreement, plaintiff and defendant, as parties to such an agreement, are required to resolve arbitrable claims in arbitration proceedings.

Aronson, in connection with the establishment of the securities accounts with Philips, signed a Customer's Agreement and a Standard Option Agreement. Both agreements provided that any controversy arising out of the options transactions or out of the Customer's Agreement would be submitted to arbitration. Aronson claims that the court should not enforce the signed arbitration agreements because the agreements are contained in adhesion contracts. Aronson further claims that, even if the court determines that the arbitration agreements are valid, Plaintiff's 1933 Act claims are not arbitrable.

## DISCUSSION

■ Plaintiff asserts that the arbitration agreements are unconscionable adhesion contracts and therefore unenforceable. The court agrees that a court may not order arbitration "until it is satisfied that a valid arbitration agreement exists." *Miller v. Drexel Burnham Lambert, Inc.*, 791 F.2d 850, 854 (11th Cir.1986) Aronson, however, has produced no evidence to indicate that the arbitration agreements are adhesion contracts. First, there is nothing inherently unfair or oppressive about arbitration clauses. *See Coleman v. Prudential Bache*, 802 F.2d 1350 (11th Cir.1986). Second, the arbitration agreements themselves do not indicate a lack of meaningful choice. *Driscoll v. Smith Barney, Harris, Upham & Company, Inc.*, 815 F.2d 655, 659 (11th Cir.1987). Further, and more importantly, Aronson has failed to allege any facts to support his contention that the arbitration agreements are invalid.

■ The party opposing arbitration bears the initial responsibility of informing the court of the basis for its opposition. This burden is not unlike that of a party seeking summary judgment. *See Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Aronson, as the party opposing the Motion To Compel Arbitration, has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration. The party opposing arbitration should identify those portions of "the pleadings, depositions, answers to interrogatories, and . . ." affidavits which support its contention. *Celotex supra* 106 S.Ct. at 2553.

Aronson has not submitted affidavits nor has he alleged facts which would support

his contention of invalidity. Thus, it is axiomatic that Aronson is not entitled to additional discovery of "issues" he is entirely unable to establish even as a threshold matter. Without an affirmative proffer of invalidity, the court will assume that an arbitration agreement is valid.

■ Having determined the validity of the arbitration agreement between plaintiff and defendant, the court turns to plaintiff's assertion that his 1933 Act claim is not arbitrable. Plaintiff relies on the Supreme Court decision of *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). In *Wilko,* the Court held that because of the antiwaiver and jurisdictional provisions contained in the 1933 Act, an agreement to arbitrate 1933 Act disputes was void, notwithstanding the Federal Arbitration Act.

Defendant Philips, in response, claims that the recent Supreme Court decision, *Shearson/American Express v. McMahon,* —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), does not prohibit the arbitration of 1933 Act claims. In *McMahon,* the Supreme Court was unwilling to apply the *Wilko* reasoning to 1934 Act claims or to RICO claims. This court recognizes that *McMahon* did not involve a 1933 Act claim nor did *McMahon* expressly overturn *Wilko.* However, it is this court's position that the *McMahon* decision so eroded *Wilko*'s rationale that Aronson's 1933 Act claims should be sent to arbitration.

The *McMahon* Court held that agreeing to arbitrate, thus foregoing the right to a judicial forum, is not a waiver of the 1934 Act's substantive provisions. The antiwaiver provisions in the 1933 Act are almost identical to the 1934 Act's antiwaiver provisions. Thus, waiving the nearly identical 1933 Act provision is not a waiver of a substantive provision and is therefore subject to arbitration. *See* Casenote, *The Arbitrability of Federal Securities Claims: Wilko's Swan Song,* 42 U.Miami L.Rev. 203, 226 (1987) ("The *McMahon* Court's refusal to make a distinction between the 1933 Act and the 1934 Act resulted in a decision that directly conflicted with its *Wilko* holding.").

As noted in *McMahon,* *Wilko* held the waiver of the judicial forum unenforceable because it judged arbitration inadequate to protect the substantive rights at issue. However, as *McMahon* recognized, arbitration today is capable of resolving claims of this type. 107 S.Ct. at 2341. ("Thus, the mistrust of arbitration that formed the basis for the *Wilko* opinion in 1953 is difficult to square with the assessment of arbitration that has prevailed since that time.... Even if *Wilko*'s assumptions regarding arbitration were valid at the time *Wilko* was decided, most certainly they do not hold true today for arbitration procedures subject to the SEC's oversight authority.").

■ This court, reading *Wilko* in light of *McMahon,* holds that *Wilko* does not impose a blanket prohibition on arbitration of § 12(2) claims. *See Staiman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 673 F.Supp. 1009 (C.D.Cal.1987) ("*McMahon* held that an arbitration held pursuant to ... NYSE procedures did not effect a waiver of the 1934 Act. A similiar conclusion is compelled for claims under the 1933 Act.") (citation omitted). Where arbitration adequately protects the substantive rights at issue, the court must compel arbitration. Accordingly, for the reasons set forth above, it is

ORDERED AND ADJUDGED as follows:

1. The arbitration agreements between plaintiff Aronson and defendant Philips be and the same are VALID.

2. Defendant's Motion To Compel Arbitration be and the same is GRANTED. The court orders the parties to arbitrate plaintiff's 1933 Act claim, 1934 Act claim, RICO claim, as well as his pendant state claims, in accordance with the parties agreement, the Federal Arbitration Act, and the *McMahon* decision.

3. All proceedings in this court are stayed pending completion of the arbitration. The parties are directed to submit the dispute to arbitration in accordance with the arbitration agreement. The court shall retain jurisdiction over the matter to

enforce the provisions of the Federal Arbitration Act.