**Luiz CADAVAL, Olga Cadaval, and Cadaval Enterprises, Inc., a Florida Corporation, Plaintiffs,**

v.

**DEAN WITTER REYNOLDS, INC., Scott Washburn, and William Bunn, Defendants.**

**No. 88–8514–CIV–JAG.**

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Feb. 6, 1989.

Barton S. Sacher, Carolyn R. Gilbert and Jeri B. Cohen of Tew Jorden Schulte & Beasley, Miami, Fla., for plaintiffs.

L. Louis Mrachek of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, Fla., for defendants Dean Witter Reynolds, Inc. and William Bunn.

Lawrence Schecterman of Schecterman & Mopsick, Boca Raton, Fla., for Scott Washburn.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the defendants' motions to stay all proceedings and compel arbitration. The plaintiffs have filed a response to the motions and have also submitted a Supplemental Memorandum in Opposition to Defendants' Motions to Stay. In addition, plaintiffs have requested oral argument and an evidentiary hearing.

In March 1987, the plaintiffs opened two accounts at the brokerage firm of Dean Witter Reynolds, Inc. A Customer Agreement dated April 7, 1987 was allegedly signed by the plaintiffs to cover account no. 059736 (the "Personal Account"). *See* Exhibit A to Dean Witter and Bunn's Reply to Plaintiffs' Response in Opposition to Defendants; Motions to Stay and Compel Arbitration. Section 16 of the Agreement, labeled "Arbitration of Controversies" and printed in dark type, reads:

I agree and you agree by carrying any account in which I have an interest that all controversies between me and you or your agents, representatives or employ-

ees arising out of or concerning any such account, any transactions between us or for such accounts, or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date below, **shall** be determined by arbitration.... I understand that the foregoing agreement to arbitrate does not constitute a waiver of the right to seek to resolve claims arising under the federal securities laws in a judicial forum **where such a waiver would be void under the federal securities laws.** (emphasis added).

A second customer agreement allegedly signed by the plaintiffs covers the second account, number 058471 (the "Corporate Account"). *See* Exhibit B to Dean Witter and Bunn's Reply to Plaintiffs' Response in Opposition to Defendants' Motions to Stay and Compel Arbitration. The agreement, entitled "Active Assets Account Agreement", provides in Part IV (General): "**Arbitration of Controversies.** Any controversy between you and me arising out of or relating to this Agreement, or any breach of the Agreement, shall be settled by arbitration ..." (emphasis in original).

The plaintiffs' broker, Scott Washburn, invested the Cadaval's funds. Then, in a frequent occurrence in the stock market, the plaintiffs lost money. This action was then brought. The plaintiffs claim violations of the Commodity Exchange Act, the Securities Exchange Act (the "1934 Act"), and have also claimed liability based on pendent state causes of actions.

The defendants have moved this court to compel the parties to engage in arbitration in accordance with the customer agreements between the parties. As correctly noted by the defendants, all of the plaintiffs' claims are appropriate subjects for arbitration including the Commodity Exchange Act violations in Count IV, *see Gans v. Merrill Lynch Futures, Inc.*, 814 F.2d 493 (8th Cir.1987); *Dixon v. Apache Trading Corp.*, 601 F.Supp. 756 (S.D.Fla. 1985); the claims under the 1934 Securities Exchange Act as stated in Counts I and II, *see Shearson/American Express v. McMa-*

**924**

hon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987); *Aronson v. Dean Witter Reynolds, Inc.,* 675 F.Supp. 1324 (S.D. Fla.1987); and the pendent state claims under Counts III and V through XI, *Dean Witter, Inc. v. Byrd,* 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).

█ The plaintiffs oppose the motion to compel on the ground that the contract language in the arbitration clauses of the customer agreements does not include federal securities claims. This contention is without merit. The defendants seize upon the language in section 16 of the customer agreement for the "personal account" which states: "I understand that the foregoing agreement to arbitrate does not constitute a waiver of the right to seek to resolve claims arising under the federal securities laws in a judicial forum **where such a waiver would be void under the federal securities laws.**" (emphasis added). Plaintiffs' reliance on the first part of the sentence is undermined by the scope of the exception to arbitration noted in dark type in the second part of the sentence. The decision of the Supreme Court in *McMahon* and the policies enumerated in the Federal Arbitration Act, 9 U.S.C. § 1, et seq., not only allow, but encourage arbitration of federal securities law claims.

█ The plaintiffs also argue that arbitration is inappropriate because there is no valid arbitration clause or other contract term which compels arbitration. In an affidavit, the plaintiff Luiz Cadaval contends that the customer agreements are forgeries. His proof is that another customer agreement dated May 22, 1988 for his "personal account" along with some other business records and documents were forged. He also states that he has "no recollection" of signing the two customer agreements offered by the defendants.

The court agrees with the defendants that it must first determine that a valid agreement to arbitrate exists between the parties. *See Miller v. Drexel Burnham Lambert, Inc.,* 791 F.2d 850 (11th Cir.1986). However, the court cannot concur with the plaintiffs' contention that there is no valid agreement here and finds, as a matter of fact and law, that the parties did contract to arbitrate their controversies. The defendants filed the two customer agreements dated April 7, 1987 and March 20, 1987 with their Reply to the Plaintiff's Opposition to Defendants' Motion to Compel (Exhibits "A" and "B"). The plaintiffs had a chance to view the two agreements and even filed a Supplemental Memorandum answering Defendants' Reply. The Cadavals' best attack on these agreements is that they do not remember signing them and that these agreements *may* be forgeries because some other documents were allegedly not genuine. Simply put, the plaintiffs have not met their burden of proof.

As this court stated in *Aronson,* "[t]he party opposing arbitration bears the initial responsibility of informing the court of the basis for its opposition ... the party opposing the Motion to Compel Arbitration has the affirmative duty of coming forward by way of affidavit or allegation of fact to show cause why the court should not compel arbitration." 675 F.Supp. at 1325. Here, the plaintiffs could have filed an affidavit or other evidence stating that the signatures on the customer agreements *were* forged. Plaintiffs would have this court believe that they cannot recognize their own signature. Even if this was so, the plaintiffs have not created an issue of fact by filing an affidavit of a handwriting expert alleging that the signatures are not genuine. In the absence of evidence, the court must assume that an arbitration agreement is valid.

█ For the same reasons, the plaintiffs' request for a hearing and an implied request for additional discovery are equally meritless. The defendants have proffered the relevant agreements into evidence. All the plaintiffs or their expert had to do, via affidavit, was to allege that the signatures on the contracts were not their own.

The court having considered the various motions in this cause, and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED as follows:

1.  The defendants' motion to stay proceedings and compel arbitration is GRANTED. All judicial proceedings in this case are hereby STAYED. The parties are further DIRECTED to arbitrate all the claims in the plaintiffs' complaint in accordance with the two valid customer agreements dated April 7, 1987 and March 20, 1987.

2.  The court RETAINS jurisdiction over this matter to enforce the provisions of the Federal Arbitration Act and in accordance with the customer agreements between the parties.

3.  The plaintiffs' Request for a Hearing is hereby DENIED.

4.  The plaintiffs' Motion for Leave to file a Supplemental Memorandum to respond to Defendants' Reply is hereby GRANTED.

5.  The parties are hereby DIRECTED to notify the court forthwith upon completion of the arbitration and report the results of the proceedings.

6.  The Clerk of the Court is hereby DIRECTED to close this case for administrative purposes.

DONE AND ORDERED.