PROTECTIVE LIFE INSURANCE COR-PORATION, Plaintiff–Counterclaim–Defendant–Appellee,

v.

LINCOLN NATIONAL LIFE INSUR-ANCE CORPORATION, Defendant–Counterclaim–Plaintiff–Appellant.

No. 88–7255.

United States Court of Appeals, Eleventh Circuit.

May 23, 1989.

Robert G. Tate, F.A. Flowers, Birmingham, Ala., for defendant-counterclaim-plaintiff-appellant.

James L. Priester, Cathy S. Wright, Fournier J. Gale, III, Maynard, Cooper, Frierson & Gale, P.C., Birmingham, Ala., for plaintiff-counterclaim-defendant-appellee.

Before VANCE and EDMONDSON, Circuit Judges, and ATKINS *, Senior District Judge.

PER CURIAM:

Lincoln National Life Insurance Company ("Lincoln") appeals the district court's grant of summary judgment and its order consolidating the arbitration of Lincoln's dispute with appellee Protective Life Insurance Company ("Protective") and the arbitration of claims between Protective and a third party, Munich American Reassurance Company ("Munich"). The only issue we must decide is whether a district court may consolidate arbitration proceedings if the parties have not provided for consolidation in their arbitration agreements. We conclude that it may not.

We agree with the reasoning of *Weyerhaeuser Co. v. Western Seas Shipping Co.*, 743 F.2d 635 (9th Cir.1984), in which the court held that under the Federal Arbitration Act, 9 U.S.C. sec. 1 *et seq.*, the power of federal courts is "narrowly circumscribed." *Id.* at 637. Section 4 of the Act provides that if the existence of an arbitration agreement is in issue, the district court shall proceed to try that issue; once the district court is satisfied that an agreement for arbitration between the parties exists, the district court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the arbitration agreement." 9 U.S.C. sec. 4. The statute limits the power of the court to determining whether a written arbitration agreement exists, and if it does, to enforcing it "in accordance with its terms." *Id.*

As the Ninth Circuit observed, this interpretation of section 4 "comports with the statute's underlying premise that arbitration is a creature of contract, and that '[a]n agreement to arbitrate before a special tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute.'" *Id.* (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 2457, 41 L.Ed.2d 270 (1974)). Parties may negotiate for and include provisions for consolidation of arbitration proceedings in their arbitration agreements, but if such provisions are absent, federal courts may not read them in.

We conclude, therefore, that "the sole question for the district court is whether there is a written agreement among the parties providing for consolidated arbitration." *Del E. Webb Construction Co. v. Richardson Hospital Authority*, 823 F.2d 145, 149 (5th Cir.1987).[1] The agreements between Protective and Lincoln and between Protective and Munich contain their own arbitration clauses, and each clause requires arbitration only between the parties to that agreement. The three parties never agreed to consolidated arbitration. The decision of the district court granting summary judgment and ordering consolida-

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. In holding that the only proper inquiry for the district court is whether the parties have explicitly consented to consolidation in their arbitra-tion agreements, we reject Protective's argument that district courts have the power to consolidate arbitration proceedings under Fed.Rules Civ.Proc. 42(a) and 81(a)(3). *See Del E. Webb Constr. Co.*, 823 F.2d at 149–50.

tion is VACATED and REMANDED for further proceedings consistent with this opinion.