Jack R. BROWN, Plaintiff–Appellant,

v.

DEAN WITTER REYNOLDS, INC.,
Robert Steinlauf and Richard Ten
Eyck, Defendants–Appellees.

No. 88–5743
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 1, 1989.

Steven G. Goerke, Forkey & Falco, P.A., Deerfield Beach, Fla., for plaintiff-appellant.

Edward J. Marko, Marko & Stephany, Robert Paul Vignola, Ft. Lauderdale, Fla., for defendants-appellees.

Before HILL, JOHNSON and ANDERSON, Circuit Judges.

PER CURIAM:

This securities fraud action alleges violations of both state and federal law, including section 12(2) of the Securities Act of 1933, section 10(b) of the Securities Exchange Act of 1934, and S.E.C. Rule 10b–5.

By order dated January 22, 1985, the district court held that all state law claims shall be subject to arbitration subsequent to the judicial resolution of the federal law claims. By order dated July 23, 1985, the district court granted defendants' motion to compel arbitration of plaintiff's section 10(b) claim. Plaintiff appealed the order compelling arbitration. This court, in *Brown v. Dean Witter Reynolds, Inc.*, 804 F.2d 129 (11th Cir.1986) ("*Brown I*"), reversed the district court's order compelling plaintiff's section 10(b) claim to arbitration. This court noted that while plaintiff raised issues concerning the validity of the arbitration agreements, the record was unclear as to how or when these matters were presented to the district court or how they were disposed of by the district court. The court then wrote:

In any event we suggest the issues of adhesion, unconscionability, waiver of judicial remedies without notice, and the lack of mutuality of obligation can be visited upon remand.

*Id.* at 129.

On remand, defendants renewed their motion to compel arbitration of plaintiff's section 10(b) claim based on the United States Supreme Court's decision in *Shearson/American Express v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). In *McMahon,* the Court held that claims under section 10(b) of the Securities Exchange Act of 1934 are arbitrable under predispute arbitration agreements. Defendants additionally filed a motion to compel arbitration of all arbitrable claims. By order dated January 26, 1988, the district court granted defendants' motion to compel arbitration of the section 10(b) claim. Defendants then filed a motion to compel arbitration of plaintiff's claim under section 12(2) of the Securities Act of 1933. Plaintiff appealed the January 26 order to this court, but the appeal was dismissed due to plaintiff's prior filing of a Motion for Rehearing/Reconsideration. By order dated July 14, 1988, the district court denied plaintiff's Motion for Rehearing/Reconsideration of the January 26 order. In addition, the district court granted defendants' motion to compel arbitration of the section 12(2) claim. The district court specifically found that "the arbitration agreements are prima facie valid." (R3–102). This appeal followed.

On appeal, appellant Brown (plaintiff) argues that (1) the district court erred by compelling the arbitration of plaintiff's claims asserted under section 12(2) of the Securities Act of 1933 and under section 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934; (2) the defendants waived the right to arbitration of plaintiff's section 12(2) claim, or, in the alternative, the decision in *McMahon* should not be applied retroactively regarding arbitrability of the section 12(2) claim; and (3) the district court erred by not complying with the remand of this court in *Brown I.* We address each issue in turn.

Brown argues that the district court erred in compelling the arbitration of plaintiff's claims asserted under section 12(2) of the Securities Act of 1933 and section 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934. We disagree. While this issue was heavily contested in the briefs, it is clear after the Supreme Court's recent decision in *Rodriguez de Quijas v. Shearson/American Express, Inc.,* — U.S. ——, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) ("*Rodriguez*"), that a predispute agreement to arbitrate claims under the Securities Act of 1933, as well as the Securities Exchange Act of 1934, is enforceable and does not require resolution of the claims only in the judicial forum.

■ A brief summary of the law in this area is helpful. In *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the Supreme Court held that a predispute agreement could not be enforced to compel arbitration of a claim arising under section 12(2) of the Securities Act of 1933. As mentioned above, in *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), the Supreme Court refused to extend *Wilko's* reasoning to the Securities Exchange Act of 1934 and upheld agreements to arbitrate claims raised under the 1934 Act. Now, in *Rodriguez,* the Supreme Court expressly overrules *Wilko* and holds that predispute agreements to arbitrate claims under the Securities Act of 1933 are enforceable. Applying *McMahon* and *Rodriguez,* we find that the district court correctly compelled the arbitration of plaintiff's claims asserted under section 12(2) of the Securities Act of 1933 and under section 10(b) and Rule 10b–5 of the Securities Exchange Act of 1934.

In addition, we find that *Rodriguez* controls Brown's alternative argument concerning retroactive application of *McMahon.* Brown argues that *McMahon* should not be retroactively applied with regard to the arbitrability of section 12(2) claims. In *Rodriguez,* the Court specifically held that its holding that section 12(2) claims are arbitrable, was to be retroactively applied. Therefore, Brown's argument is without merit.

■ Brown also argues that the defendants waived their right to arbitrate by not moving earlier for arbitration of the section 12(2) claim. Brown contends that the motion to arbitrate was untimely as it should have been asserted earlier, in light of the developing body of law in this area. We disagree.

According to the *Rodriguez* opinion, *Wilko* remained controlling precedent until May 15, 1989, the date *Rodriguez* was decided.

> We do not suggest that the Court of Appeals on its own authority should have taken the step of renouncing *Wilko*. If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decision, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions. We now conclude that *Wilko* was incorrectly decided and is inconsistent with the prevailing uniform construction of other federal statutes governing arbitration agreements in the setting of business transactions.

*Rodriguez*, 109 S.Ct. at 1921–22. The dissent was even more critical of courts which prematurely held that *Wilko* was no longer controlling:

> The Court of Appeals refused to follow *Wilko v. Swan*, 346 U.S. 427 [74 S.Ct. 182, 98 L.Ed. 168] (1953), a controlling precedent of this Court. As the majority correctly acknowledges, *ante*, [109 S.Ct.] at 1921, the Court of Appeals therefore engaged in an indefensible brand of judicial activism.

109 S.Ct. at 1922–23 (Stevens, J., dissenting) (footnote omitted). Because *Wilko* remained controlling precedent until May 15, 1989, defendants' motion to compel arbitration of the section 12(2) claim, filed February 19, 1988, cannot be considered untimely.

■ Finally, Brown argues that the trial court erred in not complying with the judgment of this court issued in *Brown I*. Brown argues that by denying him the opportunity to conduct meaningful discovery, the district court denied him the opportunity to inquire into the validity of the arbitration agreements, and therefore, the district court violated the mandate of this court in *Brown I*. We disagree.

In *Brown I*, this court remanded for consideration of the validity of the agreement to arbitrate. This court suggested that the issues of adhesion, unconscionability, waiver of judicial remedies without notice, and the lack of mutual obligation, could be visited upon remand. The district court, in an order dated July 14, 1988, stated as follows:

> The court's Order of January 26, 1988 [compelling arbitration] is premised upon a finding that the arbitration agreements are prima facie valid. *See Aronson v. Dean Witter Reynolds, Inc.*, 675 F.Supp. 1324, 1325 (S.D.Fla.1987) ("[A] court may not order arbitration 'until it is satisfied that a valid arbitration agreement exists.'" [citation omitted]). The party opposing arbitration bears the initial responsibility of informing the court of the basis for its opposition. The plaintiff having failed to show cause why the arbitration should not be compelled herein, arbitration will be ordered as to Counts III, IV, V, and VI [the state law claims] of plaintiff's complaint (Order of January 22, 1985) and Count I [the section 10(b) claim] (Order of January 26, 1988). (R3–102).

The district court then granted defendants' motion to compel arbitration of plaintiff's section 12(2) claim, citing *Aronson*.

The district judge found that the arbitration agreements involved in this case are prima facie valid and that plaintiff failed to show cause why the arbitration should not be compelled. We find that the district court has complied with the instructions of this court in *Brown I*.

For the reasons stated above, the order of the district court, compelling arbitration of all of plaintiff's claims, is AFFIRMED.

AFFIRMED.