595 So.2d 996 (1992)
SHEARSON, LEHMAN, HUTTON, INC., John Till and Marvin Lerman, Appellants,
v.
Howard LIFSHUTZ, et al., Appellees.
No. 91-2396.
District Court of Appeal of Florida, Fourth District.
March 4, 1992.
Rehearing Denied April 3, 1992.
*997 John D. Boykin and Daniel A. Hershman of Boose Casey Ciklin Lubitz Martens McBane & O'Connell, West Palm Beach, for appellants.
Lewis, Vegosen & Rosenbach, P.A., Larry Klein and Randy D. Ellison of Klein & Walsh, P.A., West Palm Beach, for appellees.
POLEN, Judge.
This non-final appeal arose as a result of an evidentiary hearing on the appellants' motion to compel arbitration. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v).
The appellants had the burden of establishing that an enforceable written agreement to arbitrate existed between the parties. See §§ 682.02 and 682.03, Fla. Stat. (1991). The appellees had maintained throughout the litigation that they did not enter into any specific written agreements with the appellants as to the brokerage accounts at issue. Although the appellants produced their standard brokerage contract with its standard arbitration clause at the hearing on their motion to compel arbitration, the appellees denied that they signed or assented in any way to the agreement or the arbitration clause.
The appellants entered into evidence other brokerage agreements signed by the appellees for other accounts, as well as a power of attorney in favor of Attorney Miller, signed by Mr. Lifshutz. After this evidence was presented the trial court found that the appellants had failed to establish that there was a valid enforceable agreement to arbitrate as to the accounts in question. No handwriting experts were called, nor was there any other attempt to authenticate the illegible scratches on the signature lines of the brokerage agreement submitted by the appellants.
In Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Falowski, 425 So.2d 129 (Fla.4th DCA 1982), we held that when there is a dispute as to whether parties are bound by an agreement to arbitrate, then it is necessary for the trial court to make certain factual determinations. These determinations include whether the customer of the brokerage firm opened the account, how the account was to be maintained, i.e., as trustee or otherwise, and whether there was a pertinent agreement to arbitrate. 425 So.2d at 130. The trial court in the case at bar, by denying the motion to compel arbitration, found that there was no binding agreement to arbitrate in light of the evidence submitted.
We affirm the denial of the motion to compel arbitration both because of the trial court's findings of fact and as a matter of law. The record does not show any evidence that the appellees signed or assented to the brokerage agreement submitted by the appellants.
HERSEY, J., concurs.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
The appellants were sued on various claims involving alleged misconduct in the handling of certain brokerage accounts. At the hearing on the motion to compel arbitration, the appellants successfully introduced into evidence, as business records, executed account agreements that provided *998 for arbitration. That was the only evidence received at the hearing. As a consequence, in my view, the only evidence in the record is evidence of an agreement to arbitrate. See Cadaval v. Dean Witter Reynolds, Inc., 703 F. Supp. 922 (S.D.Fla. 1989). I would reverse and remand with directions to order arbitration.