STONE, Judge.
Affirmed. An employment dispute arose between Prudential and its employee, Se-gal. Segal later left Prudential, and executed an agreement to arbitrate incident to his registrations with the National Association of Securities Dealers and the New York Stock Exchange. Neither appellants nor appellee was an exchange member during their business relationship.
We find no error in the trial court’s conclusion that Segal’s subsequent agreement to arbitrate, executed incident to his registrations after his employment dispute with Prudential, does not constitute an agreement to arbitrate disputes arising prior to such registration. The rules of the NASD and NYSE do not provide that a registrant’s agreement to arbitrate disputes applies retroactively. See Shearson, Lehman, Hutton, Inc. v. Lifshutz, 595 So.2d 996, 997 (Fla. 4th DCA 1992); AT & T Tech., Inc. v. Comm. Workers of Am., 475 *690 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).
We deem Muh v. Newberger, Loeb & Co., Inc., 540 F.2d 970 (9th Cir.1976) and the other authorities relied on by appellants inapposite.
HERSEY and GUNTHER, JJ., concur.