869 So.2d 676 (2004)
SERETTA CONSTRUCTION, INC., Appellant,
v.
GREAT AMERICAN INSURANCE CO., et al., Appellee.
No. 5D03-1562.
District Court of Appeal of Florida, Fifth District.
April 2, 2004.
*677 Rosemary Hanna Hayes, Hayes & Associates, Orlando, for Appellant.
Donald E. Karraker of DeRenzo and Karraker, P. A., Altamonte Springs, for Appellees, Pertree Constructors, Inc. and Great American Ins. Co.
H. Gregory McNeill and Kevin K. Ross of Lowndes, Drosdick, Doster, Kantor & Reed, P. A., Orlando, for Appellee, Five Arrows, Inc.
ORFINGER, J.
Seretta Construction, Inc. appeals an order of the circuit court requiring its construction arbitration claim against Pertree Constructors, Inc. to be consolidated with a separate, but related, construction arbitration proceeding between Pertree and Five Arrows Inc. Seretta also appeals the court's order requiring arbitration of Five Arrows's indemnity claim against it despite the lack of any contractual agreement between Seretta and Five Arrows. For the reasons that follow, we reverse.
Pertree Constructors was the general contractor on the I-4 Commerce Park Project. Pertree subcontracted with Seretta to erect concrete tilt-up walls. Pertree also subcontracted with Five Arrows to prepare and paint the surfaces of the tilt-up walls. After the work was completed, Seretta filed suit against Pertree for breach of contract, claiming that it had not been fully paid.[1] The Pertree-Seretta and *678 the Pertree-Five Arrows subcontracts included identical arbitration provisions:
XII. CLAIMS-DISPUTES
...
(d) Any claim, dispute or other matter in question between the Contractor and the Subcontractor relating to this Agreement shall be subject to arbitration upon the written demand of either party. Such arbitration shall be in accordance with the construction industry arbitration rules of the American Arbitration Association then obtaining. This Agreement so to arbitrate shall be specifically enforceable under the prevailing arbitration law, and the award rendered by the arbitrator shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.
Subsequent to filing suit, Seretta filed a demand for arbitration, as required by its subcontract with Pertree. Pertree denied Seretta's claim, raising various defenses, filed a counterclaim in the arbitration proceedings, and initiated a third party arbitration claim against Five Arrows, claiming that Seretta and/or Five Arrows performed defective construction work regarding the tilt-up walls, which resulted in damages to Pertree. Pertree then sought to consolidate the separate, but related, arbitration proceedings. While Seretta objected to Pertree's effort to consolidate the arbitration proceedings, Five Arrows did not. The arbitrator, acting under the Construction Industry Arbitration Rules of the American Arbitration Association, granted Pertree's motion for consolidation.[2] Five Arrows then filed an indemnity cross-claim in the arbitration proceedings against Seretta. Seretta objected to Five Arrows's indemnity claim being included in the arbitration proceedings, contending that as there was no contractual relationship between Seretta and Five Arrows, any dispute between them was not arbitrable. Seretta asked the trial court to order that the Pertree-Seretta dispute be arbitrated separately from the Pertree-Five Arrows dispute and that the Five Arrows indemnity claim against Seretta be excluded from arbitration. The trial court denied Seretta's request and this appeal followed.
The authority of a trial court to consolidate arbitration proceedings must be based on a statute, judicial policy or contract. Higley South, Inc. v. Park Shore Dev. Co., Inc., 494 So.2d 227, 229 (Fla. 2d DCA 1986). We find no statutory support for consolidation. The Florida Arbitration Code, Chapter 682, Florida Statutes (2003), does not serve as a predicate for the consolidation of the arbitration proceedings as it contains no provision authorizing a trial court to consolidate pending arbitration cases. Nor are we able to find any Florida case law that would allow compulsory consolidation. See id. at 229.[3]
*679 Looking outside of Florida, the case law is confused. Some state courts adopt the view that the statutorily conferred power to enforce arbitration agreements includes the power to direct that the agreed arbitration be conducted in conjunction with a sufficiently related arbitration. These courts emphasize that such a procedure avoids the danger of inconsistent results which can arise if the common subject matter is arbitrated sequentially before different arbitrators. This line of cases relies heavily on the convenience and economy to parties and witnesses in resolving in one proceeding disputes, which arise out of common facts and circumstances. See e.g., Litton Bionetics, Inc. v. Glen Constr. Co., 292 Md. 34, 437 A.2d 208, 213 (Md. 1981); Exber, Inc. v. Sletten Constr. Co., 92 Nev. 721, 558 P.2d 517 (1976); William Blanchard Co. v. Beach Concrete Co., 150 N.J.Super. 277, 375 A.2d 675 (1977); Sullivan County v. Edward L. Nezelek, Inc., 42 N.Y.2d 123, 397 N.Y.S.2d 371, 366 N.E.2d 72 (1977); Vigo Steamship Corp. v. Marship Corp. of Monrovia, 26 N.Y.2d 157, 309 N.Y.S.2d 165, 257 N.E.2d 624 (1970); Sch. Dist. of Phila. v. Livingston-Rosenwinkel, P.C., 690 A.2d 1321 (Pa. Commw.Ct.1997); Children's Hosp. of Phila. v. Am. Arbitration Ass'n, 231 Pa.Super. 230, 331 A.2d 848 (1974).
The federal courts and several other state courts have held there is no power under their arbitration codes to compel consolidation, and stress that a court cannot rewrite the agreement of the parties. These courts reason that because the agreement is silent on consolidation, a court can do no more than enforce what the parties have expressed, or necessarily implied, in their agreement. They also reason that "rewriting" the agreement as to allow consolidation procedurally may conflict with the rights of one or more of the parties under their contracts. Litton Bionetics, Inc., 437 A.2d at 213; see, e.g., Baesler v. Cont'l Grain Co., 900 F.2d 1193, 1195 (8th Cir.1990); Protective Life Ins. Corp. v. Lincoln Nat'l Life Ins. Corp., 873 F.2d 281, 282 (11th Cir.1989) (per curiam); Weyerhaeuser Co. v. Western Seas Shipping Co., 743 F.2d 635, 636-37 (9th Cir. 1984); Bateman Constr., Inc. v. Haitsuka Bros., Ltd., 77 Hawai'i 481, 889 P.2d 58 (1995); Consol. Pac. Eng'g, Inc. v. Greater Anchorage, 563 P.2d 252 (Alaska 1977); La. Stadium & Exposition Dist. v. Huber, Hunt & Nichols, Inc., 349 So.2d 491 (La. Ct.App.1977); Bay County Bldg. Auth. v. Spence Bros., 140 Mich.App. 182, 362 N.W.2d 739 (1984); Pueblo of Laguna v. Cillessen & Son, Inc., 101 N.M. 341, 682 P.2d 197 (1984); Hjelle v. Sornsin Constr. Co., 173 N.W.2d 431 (N.D.1969); Bd. of Educ. of the City Sch. Dist. v. Midwest Elec. Co., 439 N.E.2d 425, 1 Ohio App.3d 37(1980); Balfour, Guthrie & Co. v. Commercial Metals Co., 93 Wash.2d 199, 607 P.2d 856 (1980).
While both approaches have appeal, we believe the better approach is to follow the federal courts and the states that have held that a court cannot order consolidation of arbitration proceedings arising from separate agreements to arbitrate, absent the parties agreement to allow such consolidation. See Gov't of the U.K. of Gr. Brit. & N. Ir. Through U.K. Def. Procurement Office, Ministry of Def. v. Boeing Co., 998 F.2d 68, 69 (2d Cir. *680 1993). Indeed, the United States Supreme Court in numerous interpretations of the Federal Arbitration Act, on which Florida's arbitration act is modeled, has concluded that the Federal Arbitration Act was intended only to assure the enforcement of privately negotiated arbitration agreements, despite possible inefficiencies created by such enforcement. See Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985); Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In words applicable to the case at hand, the Supreme Court said: "Under the [Federal Arbitration Act] an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." Moses H. Cone Mem'l Hosp., 460 U.S. at 20, 103 S.Ct. 927.
While we agree that a consolidated arbitration proceeding would be more expeditious and economical, "a court is not permitted to interfere with private arbitration arrangements in order to impose its own view of speed and economy ... even where the result would be the possibly inefficient maintenance of separate proceedings." Am. Centennial Ins. Co. v. Nat'l Cas. Co., 951 F.2d 107, 108 (6th Cir.1991). The sole question for the circuit court is whether there is a written agreement among the parties providing for consolidated arbitration. Here, the answer is no.
Pertree argues that having separate arbitrations is inefficient and may lead to inconsistent determinations. While these are valid concerns, they do not provide us with the authority to reform the private contracts that underlie this dispute. "If contracting parties wish to have all disputes that arise from the same factual situation arbitrated in a single proceeding, they can simply provide for consolidated arbitration in the arbitration clauses to which they are a party." Gov't of the U.K. of Gr. Brit., 998 F.2d at 74. "Arbitration... is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit. Just as they may limit by contract the issues which they will arbitrate ... so too may they specify by contract the rules under which the arbitration will be conducted." Volt Info. Scis., Inc., 489 U.S. at 479, 109 S.Ct. 1248.
Finally, we must determine whether Five Arrows's indemnity claim against Seretta is an arbitrable dispute. The parties agree that there is no contractual relationship between Five Arrows and Seretta. Consequently, ordering that dispute to arbitration in the absence of an authorizing contractual provision was error.
We also conclude the trial court erred in denying fees to Seretta with regard to its construction lien claim against Pertree and its surety. On remand, Seretta may be entitled to an award of attorney's fees depending on the outcome of its claim against Pertree.
REVERSED AND REMANDED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Seretta also sued Great American Insurance Company based on its claimed construction liens that had been transferred to bond.
[2] The only AAA rule which addresses consolidation provides:

R-7. Consolidation or Joinder
If the parties' agreement or the law provides for consolidation or joinder of related arbitrations, all involved parties will endeavor to agree on a process to effectuate the consolidation or joinder. If they are unable to agree, the Association shall directly appoint a single arbitrator for the limited purpose of deciding whether related arbitrations should be consolidated or joined and, if so, establishing a fair and appropriate process for consolidation or joinder. The AAA may take reasonable administrative action to accomplish the consolidation or joinder as directed by the arbitrator.
[3] Florida Rule of Civil Procedure 1.270 does not reflect a judicial policy authorizing consolidation of separate arbitration proceedings. Rule 1.270 provides, in pertinent part, that "[w]hen actions involving a common question of law or fact are pending before the court... it may order all the actions consolidated..." This rule does not offer anything upon which to sustain consolidation. Higley South, Inc., 494 So.2d at 229. It is only the judicial proceedings under the arbitration act that are subject to the rules. The civil rules of procedure do not govern the procedure in the hearings before the arbitrators. Although a circuit judge considering petitions to compel related arbitration proceedings can have all of the petitions heard at once pursuant to rule 1.270, the court could not use that rule to order that the underlying arbitrations, once compelled, be conducted together.