**TEXAS SAN JUAN OIL CORPORATION, as Owner of the offshore drilling tender Deepwater No. 1, Libellant,**

v.

**AN-SON OFFSHORE DRILLING COMPANY, Respondent.**

United States District Court
S. D. New York.

Sept. 7, 1961.

Certification for Interlocutory Appeal
Denied Sept. 21, 1961.

See also 194 F.Supp. 396.

Thacher, Proffitt, Prizer, Crawley & Wood, for libellant; Edward C. Kalaidjian, Dwight B. Demeritt, Jr., New York City, of counsel.

Burlingham, Hupper & Kennedy, New York City, appearing specially, for respondent; Eugene A. Underwood, Malcolm W. Monroe, New York City, of counsel.

LEVET, District Judge.

The defendant appears specially and moves to transfer this action and the arbitration proceeding which is a phase of this action to the Eastern District of Louisiana, New Orleans Division, for the convenience of the parties and witnesses, pursuant to the provisions of Title 28 U.S.C. § 1404(a), which is as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The libellant is in effect the successor to another corporation, Deepwater Exploration Company, which executed a bareboat charter of the latter's drilling tender, "Deepwater No. 1."

The libellant is a Delaware corporation with an office in Dallas, Texas, and is authorized to do and is doing business in the Eastern District of Louisiana, but not in the Southern District of New York.

Respondent is a Delaware corporation, with offices and places of business in Oklahoma City and in New Orleans; it has no office and is not doing business in the Southern District of New York.

Various reasons are advanced by respondent showing the Louisiana District to be more convenient for the parties and witnesses.

The libellant does not seriously dispute these facts, but, at least as to its witnesses, curtly states in its brief that while "libelant appreciates respondent's concern lest libelant be inconvenienced, libelant submits that the convenience of its witnesses is none of respondent's business."

The libellant points out that respondent by the charter party agreed to arbitrate at New York. Paragraphs 22 and 23 of this agreement are as follows:

"22. *Applicable Law.* This Bareboat Charter Party shall be deemed to be a New York contract and shall be construed and enforced in accordance with the admiralty law of the United States and, to the extent applicable, the law of the State of New York."

"23. *Arbitration.* Should any dispute arise under this Bareboat Charter Party, the matter in dispute shall be referred to three persons at New York, one to be appointed by Owner, one by Charterer and the third by the two so chosen, or in default thereof, by a court of competent jurisdiction; and their decision or that of any two of them shall be final, and their award may be made a rule of court and a judgment or decree entered thereon. The Charterer and the Owner each shall bear one-half of the fees and expenses of the arbitrators."

The primary question then is whether Section 1404(a) applies here in an action to enforce arbitration and to the place where the arbitration is conducted.

Obviously, the transfer of this action to another district does not of itself affect the arbitration or alter the place where such arbitration is to be held unless the transfer itself or the transferee court requires the arbitration to proceed in such district. What respondent is seeking is a direction to the arbitrators as to the place where they hold their hearings or a transfer which in an

of itself might produce the same result. However, there appears to be no substantial reason why the respondent should be relieved from its contractual obligations.

There is pertinent analogy between the arbitration clause in question and provisions, for example, in bills of lading providing that all controversies under the bill of lading shall be determined under the jurisdiction of the court of carrier's country. These provisions, if not unreasonable, are sustained. See Wm. H. Muller & Co. v. Swedish American Line Ltd., 2 Cir., 1955, 224 F.2d 806, certiorari denied, 1955, 350 U.S. 903, 76 S.Ct. 182, 100 L.Ed. 793. See also Krenger v. Pennsylvania R. Co., 2 Cir., 1949, 174 F.2d 556. Cf. Chemical Carriers v. L. Smit & Co.'s Internationale S., D.C.S.D.N.Y.1957, 154 F.Supp. 886; Sociedade Brasileira, etc. v. S.S. Punta Del Este, D.C.D.N.J.1955, 135 F.Supp. 394.

In my opinion, no substantial reason exists to deny the enforcement of the arbitration forum chosen by the parties.

Accordingly, the motion is denied.

So ordered.

### On Application For Certification For Interlocutory Appeal

Application by respondent for certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Since the question at issue does not involve any controlling principle of law and since there is no indication that an immediate appeal will materially advance the ultimate termination of the litigation, I am compelled to deny the application.

The decision involved is not the type to which Title 28 U.S.C. § 1292(b) is applicable. See, Deepwater Exploration Company v. Andrew Weir Ins. Co. Ltd., D.C.E.D.La. N. Orleans Division 1958, 167 F.Supp. 185; Bobolakis v. Compania Panamena Maritima San Gerassimo, S. A., D.C.S.D.N.Y.1958, 168 F.Supp. 236; Gottesman v. General Motors Corp., 2 Cir., 1959, 268 F.2d 194.

Application denied.

So ordered.