DECISION
Before the Court for decision is the motion for an order of consolidation of arbitration proceedings of defendant and third party plaintiff H.V. Collins (Collins), as well as the objection thereto of plaintiff Northeast Concrete Products (Northeast). Jurisdiction is pursuant to R.I.G.L. § 10-3-1 et seq.
 FACTS AND TRAVEL
On August 11, 1998, Northeast and Collins entered into a subcontract whereby Northeast would provide and install a precast parking garage structure on the construction project known as "Union Station Plaza Hotel/Garage" (Project) in exchange for payment of $2,750,000. Defendant Union Station Plaza Associates, LP (Union) is the owner of the property. Northeast completed its work under the contract, as well as some additional or change work which resulted in additional costs related to providing the precast units.
Northeast asserted that it was owed an additional $864,587, and in November 1999, it filed a mechanic's lien on the property for satisfaction of that amount. On December 15, 1999, Northeast filed with this Court a petition to enforce the mechanics' lien along with other claims including breach of contract, quantum meruit, and bond claims against Collins and United States Fidelity and Guaranty Company (USFG).
At the time that Northeast filed its complaint, it did not have a copy of the contract between Collins and Union which is incorporated by reference into the subcontract between Northeast and Collins. As a result, Northeast claims that it did not gain a full understanding of the contract terms, specifically terms regarding its own arbitration rights, until Northeast subpoenaed and received from the project architect a copy of the contract in its entirety in March 2000. Northeast maintains that it reserves all its rights in regard to mediation and arbitration in this matter and does not waive any of those rights by asserting the aforementioned claims.
The contract between Northeast and Collins calls for mediation and arbitration of all disputes. The contract allows the parties to reserve civil claims. However, reservation of claims under the contract must be in writing and is only effective after written notice to the project architect. The contract also requires that a valid notice of claim must include a clear identification of the alleged cause and nature of the claim and "include data and information that will facilitate prompt verification and evaluation of the Claim." Northeast and CollinsSubcontract, Article 6, Arbitration Provisions, p. 4. Arbitration may proceed 45 days after the claim has been referred to the project architect and after the claim has been mediated for 30 days.
On June 13, 2000, Northeast completed and submitted to the architect, the owner, and to Collins a compilation of the data and information necessary to verify and evaluate its claims against Collins. At that time, in accordance with the arbitration provisions of the subcontract, the claims and disputes process commenced. By August of that year Northeast was in a position under the contract to proceed with mediation and arbitration. It did so on August 18, 2000 by filing a request for mediation and a demand for arbitration with the American Arbitration Association (AAA). On August 30, 2000, Collins requested that AAA not proceed with arbitration and further filed a motion in this Court to stay arbitration. That motion was heard on September 13, 2000. On October 11, 2000, this Court denied Collins' motion to stay arbitration and at the same time, granted Northeast's motion to compel arbitration and proceed with the matter pending with AAA. This Court found that Collins was obligated to arbitrate Northeast's claim against it because the subcontract at issue incorporated the arbitration provisions contained in the contract between Collins and the owner, Union.
Subsequently, Collins, as defendant and third party plaintiff, filed a motion for an order of consolidation of the two arbitrations in this case, namely, Northeast v. Collins and Collins v. Union.
 DISCUSSION
Consolidation of arbitration cases is an issue of first impression for Rhode Island.
As a result, there is no local authority for this Court to follow in this case. There is nothing in the Rhode Island Superior Court Rules Governing Arbitration of Civil Actions or the Rhode Island Arbitration Act, R.I.G.L. § 10-3-1 et seq. that speaks directly to this issue. However, Rhode Island law regarding consolidation of civil cases is clear. Rule 42 of the Rhode Island Rules of Civil Procedure governs the consolidation of civil actions and states in relevant part:
 "When actions involving a common question of law or fact are pending before the court, in the same county or in different counties, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Super. R. Civ. P. 42(a).
Furthermore, the Rhode Island Supreme Court in Giguere v. Yellow CabCompany, 195 A.2d 214, (R.I 1937), stated:
 "The consolidation of cases . . . merely permits them to be tried together before the same justice or jury to avoid unnecessary delay and expense in the administration of justice." Giguere v. Yellow Cab Company, 195 A.2d at 216.
The Court in that case further concluded that the decision to consolidate cases pending before it should be left to the sound discretion of the trial justice after he or she considers whether the cases "are of the same nature, arise from the same act or transaction, involve the same or like issues, depend substantially upon the same evidence . . . , and where such a trial will not prejudice the substantial rights of any party." Id.
This Court is aware, however, that in the Rhode Island Supreme Court's recent decision in Aetna Bridge Company v. State of Rhode IslandDepartment of Transportation, No. 99-391A., slip op. (R.I., filed April 19, 2002) the Court reemphasizes its holding in Lutz Engineering Co. v.Sterling Engineering Construction Co., 314 A.2d 8 (R.I. 1974) where the Court "declared that a party to an arbitration could `not invoke the discovery provisions of [Rules 26-37 of the Superior Court Rules of Civil Procedure] in aid of arbitration[,] [because] [t]he Rules of Civil Procedure govern only civil actions.'" Aetna Bridge Company v. State ofRhode Island Department of Transportation, No. 99-391A., slip op. at 7 (quoting Lutz Engineering Co. v. Sterling Engineering ConstructionCo., 314 A.2d at 10 no. 3); see also Rule 1 of the Superior Court Rules of Civil Procedure; Ruff v. Metropolitan Property and Liability InsuranceCo., 508 A.2d 672, 673 (R.I. 1986) (holding that "an arbitration proceeding is not an action at law; . . . consequently[,] the parties in such a proceedings may not invoke the discovery provisions of the Superior Court Rules of Civil Procedure.")
While this Court recognizes that, due to the Supreme Court's reasoning in Lutz, the standards applied to the consolidation of civil actions do not apply to arbitration proceedings, the underlying reasoning behind consolidation may in fact apply to certain arbitration situations. While Rhode Island law is silent on the issue of consolidation of arbitration, other jurisdictions have applied the same standard used in the consolidation of civil actions to the consolidation of arbitration cases. A court must first determine whether the pending proceedings involve a common party and common issues of fact or law. See Seguro deServicio de Salud de Puerto Rico v. McAuto Systems Group, Inc. v.Advanced System Applications, Inc., 878 F.2d 5 (1st Cir. 1989). After reaching this threshold, the court has broad discretion "in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." Id. A motion for arbitration consolidation will usually be granted unless the party opposing consolidation can "demonstrate prejudice." Id (quoting Lavino Shipping Co. v. Santa Cecilia Co., 1972 A.M.C. 2454, 2456 (S.D.N.Y.)).
This Court notes that the general trend in many states, as well as with AAA, absent any statutory authority, disfavors the consolidation of arbitration proceedings without the consent of all parties involved because to do so would ignore the bargained for contract rights of the parties to the arbitration. See e.g. Seguro de Servicio de Salud de PuertoRico v. McAuto Systems Group, Inc. v. Advanced System Applications,Inc., 878 F.2d 5 (1st Cir. 1989) (holding that consolidation of arbitration was inappropriate where the effect would be to force the parties to forgo locale provisions bargained for in their contracts);W.J. Megin, Inc. v. the State of Connecticut, 434 A.2d 306 (Conn. 1980);Stop and Shop Companies, Inc. v. Gilbane Building Co., 304 N.E.2d 429
(Mass. 1973).
However, as noted above, the First Circuit in Seguro defines when consolidation of arbitration actions is, in fact, appropriate. That is where the pending proceedings involve a common party and common issues of fact or law and where the benefits of consolidation to the parties outweigh the costs or demonstrated prejudice. Further, according to Domke's The Law and Practice of Commercial Arbitration, consolidation of arbitration proceedings may be preferred in order to reduce the probability of conflicting awards, reduce the costs to the parties and to save time. See M. Domke, The Law and Practice of Commercial Arbitration,
Sec. 27.02 at 413-414 (2000).
In this case, Northeast has submitted a claim in the amount of $961,744 against Collins, representing the unpaid contract balance along with seven claims for additional costs resulting from seismic redesign to the project. Collins has claims against Northeast for defective, untimely, and incomplete work. Union is withholding money from Collins, asserting claims relative to the quality of Northeast's work on the garage, including complaints of continued leakage between the floors of the garage. Union is also asserting claims for loss of revenue due to a delay in the garage opening for business resulting from Northeast's failure to complete erection of the parking structure by July 30, 1999 and failure to complete its punch list in a timely manner. Five of the seven claims by Northeast relate to the redesign of the project which, it claims, can be attributed to Union. Any redesign was allegedly Union's responsibility as owner of the property, and Collins claims no liability for costs asserted by Northeast as a result of redesign.
It is clear from these facts that consolidation of the arbitration proceedings in this case is appropriate according to the standards for consolidation set forth in Seguro, as well as the standards for consolidation of civil actions adhered to in Rhode Island. First the respective claims of each party to this project originate from the same set of facts, the circumstances surrounding the construction of a parking garage at the Union Station Plaza Hotel. Second, because the claims of the parties are so inter-related, resolution of each issue involves common questions of law as well as the presence of all three parties to this litigation. For instance, in order to decide whether Northeast will be successful on most of its claims, this Court will have to determine whether Collins or Union is responsible for the redesign of the Project which allegedly resulted in substantial additional costs to Northeast. This is just one example of how most of the claims in this litigation are chronically tied together.
The initial threshold for consolidation of arbitration set forth inSeguro and followed by Rhode Island courts with regard to consolidation of civil actions has been reached in this case. Thus, this Court has wide discretion to next weigh the costs and benefits and decide if consolidation is in fact appropriate here. Because the issues and the parties are so closely connected in this case, it is clear that consolidation is appropriate, as allowing two separate arbitrations to proceed in this case would be needless and repetitive. Further, neither Northeast nor Union has presented any evidence to demonstrate any prejudice against either of them that might result from consolidation. As a result, this Court sees no reason why consolidation should not be granted in this case.
After careful review of the arguments and evidence submitted by the parties in this case, this Court grants defendant and third party plaintiff Collins' motion to order consolidation of arbitration. Counsel for Collins shall present an appropriate order after notice to all parties.